Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **JESSICA MURCH,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SELL MY HOUSE NOW LLC**<br><br>*Defendant.* | Case No.<br>3:24-cv-2149<br>CLASS ACTION COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jessica Murch ("Plaintiff" or "Ms. Murch") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sell My House Now LLC and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Sell My House violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

**PARTIES**

4. Plaintiff Jessica Murch is an individual residing in Clackamas County.

5.	Defendant Sell My House Now LLC is a Washington corporation with its headquarters and principal place of business in Washington.

<strong>JURISDICTION AND VENUE</strong>

6.	This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.	This Court has specific personal jurisdiction over Defendant because it directed its illegal conduct to Oregon residents, including Oregon residents with 503- area codes, like Plaintiff.

8.	Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the conduct alleged herein–the receipt of illegal telemarketing calls–was received in this District.

<strong>BACKGROUND</strong>

**A.	The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.	The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10.	The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.	A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.	The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**FACTUAL ALLEGATIONS**

13. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the automated calls at issue.

15. Plaintiff's telephone number, (503) XXX-XXXX, is a residential, non-commercial telephone number.

16. Ms. Murch uses the number for personal, residential, and household reasons.

17. Ms. Murch does not use the number for business reasons or business use.

18. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

19. Plaintiff's telephone number has been listed on the National Do Not Call Registry more than 31 days prior to the calls at issue.

20. Plaintiff has never been a customer of Sell My House and never consented to receive calls or text messages from Sell My House.

21. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

22. Despite that fact, on November 21, 2024, at 9:48 PM, the Plaintiff received a text message from 253-904-3775. The message read:

> Hi Stephen, this is John with Sell My House Now LLC. I received your information from my referral company for an offer request on your property in 149 Ne

23. The Plaintiff then received a text message on November 21, 2024, at 9:48 PM from 253-904-3775. The message read:

> 57th St, Seattle. Please feel free to shoot me a call or text. Reply STOP to unsubscribe.

Complaint                                          4

24. Contrary to the message text, the Plaintiff does not own the subject property, and did not request an "offer" for the property.

25. Thereafter, the Plaintiff received a call from the 253-904-3775 number on November 25, 2024 at 11:40 AM, which the Plaintiff answered.

26. During the call, the Plaintiff spoke with "John Austin" who was looking to buy and sell properties. The Plaintiff stated that she was busy and would call back if she was interested.

27. Despite this, the Plaintiff received a text message on November 25, 2024 at 11:42 AM from 253-904-3775 stating:

```
This is John with Sell My House Now LLC, shoot me a call whenever you are free
```

28. The Plaintiff did nothing. Despite that fact, the Plaintiff received a missed call from "Billy" at the Defendant from the telephone number 253-215-8822 on November 26, 2024 at 4:17 PM.

29. Thereafter, and despite not requesting the calls as an initial matter or future calls, the Plaintiff received a call from Billy at the Defendant from the telephone number 253-215-8822 on November 29, 2024 at 10:00 AM.

30. During this call, which the Plaintiff played along with to ascertain the identity of the caller who was calling her illegally and for no other reason, "Billy" offered to purchase a property, offered to relocate the Plaintiff, and evict any current tenants. This was further confirmed in an email sent to the Plaintiff, who confirmed that the Defendants are "real estate brokers but also invest by purchasing houses":

Hi Stephen, both Billy and I spoke with Cathy last week about the property in Seattle. She mentioned that you wanted us to send you an email. We are real estate brokers but also invest by purchasing houses directly from homeowners.
Please let me know if you have any questions

--

**Johnny Austin**
Owner
Acquisitions | Sell My House Now LLC
(253) 686-8340 | (253) 400-5301
Johnny@sellmyhousenownw.com
https://www.sellmyhousenownw.com/
Puyallup, WA

Complaint                                                      5

31. The aforementioned calls and text messages were all made seeking to solicit the Plaintiff to use the Defendant in the sale of a home, as well as ancillary services like the aforementioned relocation and eviction services.

32. Plaintiff did not recognize the sender, is (and was) not selling any home, and was not looking to sell her home. In fact, the Plaintiff does not own a home.

33. Moreover, Plaintiff does not own the home referenced in the text messages and calls and never did.

34. Defendant's website, https://www.sellmyhousenownw.com/, explains that Defendant seeks to purchase and resell residential real estate.

35. The aforementioned website also advertises that they pair numerous services with their offers to purchase properties from consumers.

36. Defendant provides an explanatory brochure that outlines their numerous services, attached as Exhibit A.

37. In that brochure, Defendant describes their purchase process to include: "(2) Investor will evaluate the house, come up with a value for it, determine if any repairs are needed, find out what your goals are, and make an offer that fits their buying criteria and helps you reach your goals"; and "(4) [i]f it's a fit, closing happens at a title company and the title company prepares the documents... the investor buys with all cash so it's a quick close and you get your cash quickly." Ex. A at 6.

38. Defendant's website also explains that "We take care of all the necessary repairs, inspections, and enhancements post-purchase. While this is factored into the offer we present, it spares you from the expenses and stress typically involved in preparing a home for sale." *How It Works*, SELL MY HOUSE NOW LLC, https://www.sellmyhousenownw.com/how-we-buy-houses/ [https://archive.md/vgIfB].

39. Upon information and good faith belief, and *based on Defendant's own admissions*, including in the calls, in exchange for providing these services, Defendant pays substantially below fair market value for the homes they seek to purchase.

40. As a result, Defendant necessarily offers to pair numerous services offered by a real estate agent—appraising the fair market value of the property, arranging for title and escrow services, preparing and completing purchase paperwork, and connecting the homeowner with third-party buyers—with their communications to Plaintiff.

41. Upon information and belief, Defendant seeks to supplant the role of a traditional real estate agent while providing the same services as a real estate agent, and in exchange for doing so, is compensated by obtaining a homeowner's property at a reduced price, and thereafter selling it at an inflated price.

42. As a result, Defendant would be (and, upon belief and information, is) compensated for its services in an analogous manner to a real estate agent: after providing services to facilitate the transaction, receiving compensation from the proceeds related to the buying or selling of a home.

43. As a result, Defendant either (1) solicited Plaintiff to sell a home to it at a discount in order for Defendant to resell or rent a home, or (2) solicited Plaintiff to submit her information to Defendant's lead generation services and connections and, if Plaintiff expressed an interest in selling her home, Defendant would then sell that via an assignment contract to investors for a profit.

44. The purpose of the calls at issue were to advertise and to market Defendant's business and services.

45. The purpose of the calls was therefore sent to solicit the Plaintiff to sign up for the Defendant's products and services.

46. The calls therefore constituted unlawful telemarketing.

47. The calls were unwanted.

48. The calls were nonconsensual encounters.

Complaint                                                7

49. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

50. Plaintiff never provided her consent or requested the calls.

51. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, battery life, wear and tear, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

52. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

53. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23 and Oregon Local Rule 23-2.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Sell My House's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

54. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**55. Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

56.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

57.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

58.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a.     whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.     whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

c.     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

59.     **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions

would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

60. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

    d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

61. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

63. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

64. These violations were willful or knowing.

65. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

66. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the National DNC Class pursuant to 47 U.S.C. § 227(c)(5);

E. Injunctive relief for the Class, pursuant to 47 U.S.C. § 227(c)(5) preventing the

Defendant from making calls to numbers listed on the National Do Not Call Registry;

    F.    Attorneys' fees and costs, as permitted by law; and

    G.    Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this 27th day of December, 2024.

    s/Andrew Roman Perrong
    Andrew Roman Perrong, OSB No. 243320
    a@perronglaw.com
    Perrong Law LLC
    2657 Mount Carmel Avenue
    Glenside, PA 19038
    215-225-5529
    Lead Attorney for Plaintiff and the Proposed Class

    s/Anthony Paronich
    Anthony Paronich, Mass. BBO No. 678437
    (*Pro Hac Vice* Forthcoming)
    anthony@paronichlaw.com
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    617-485-0018
    Attorney for Plaintiff and the Proposed Class